UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
NOV 09 2020

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMIL EARL LITTLE DOG,<br><br>Defendant. | 1:03-CR-10009-CBK<br><br><br>ORDER |

    Petitioner was convicted by a jury of four counts of aggravated sexual abuse of children, one count of sexual contact, and one count of obstruction of justice. He was sentenced on March 29, 2004, to 360 months on each of the aggravated sexual abuse charges, 36 months on the sexual contact charge, and 120 months on the obstruction of justice charge, all to run concurrently. His then mandatory guideline range was 360 months to life on each of the aggravated sexual abuse charges. He appealed and his convictions and sentences were affirmed. United States v. Little Dog, 398 F.3d 1032 (8th Cir. 2005). The Bureau of Prisons ("BOP") has calculated his current release date as March 17, 2029. https://www.bop.gov/inmateloc visited November 9, 2020. Defendant has filed a motion for compassionate release.

    The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission issued Guidelines § 1B1.13 setting forth the Commission's policy statement on compassionate release, which were consistent with § 3582(c).

    Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative

remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). It appears that defendant has exhausted his administrative remedies.

In evaluating a request for compassionate release, the district court is required to consider the factors set forth in section 3553(a), to the extent that they are applicable, and may reduce defendant's sentence of imprisonment if it finds that

(1)    (a) extraordinary and compelling reasons warrant such a reduction,

or

(b) the defendant is at least 70 years of age and has served at least 30 years in prison for the offense or offenses for which the defendant is currently imprisoned

and

(2)    the defendant is not a danger to the safety of any other person or the community.

18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

Defendant requests compassionate release based upon his medical condition, diabetes, age, 64 years, and the fact that COVID 19 is wide-spread in the BOP system. Chief Judge Lange has observed:

> There can be no doubt that the effects of the global COVID-19 pandemic are extraordinary, and that the disease in some situations may be an "other reason" to grant compassionate release under § 1B1.13 comment note (D). The illness and the potential for its spread has affected the daily life of nearly every American citizen and has resulted in massive disruptions to the economy. Despite these drastic effects, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." The question becomes whether [defendant's] medical conditions . . . combined with the crowded conditions of confinement justify compassionate release.

United States v. Frost, ___ F.3d ___, ___, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020) *citing* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant suggests that he should be resentenced to time served, a little over 17 years, and, if deemed necessary, placed on home confinement as a condition of supervised release. I reject defendant's claim that he is entitled to compassionate release. I specifically find that his earlier release would endanger the community.

2

I was the trial judge. One victim testified she had been sexually abused over 300 times by the defendant. He wrote a letter, telling one victim to testify falsely that the abuse did not occur. He attempted to obstruct justice. The victims were very young when the abuse started. They suffered intense emotional injuries caused by the extensive acts of sexual assaults by the defendant. They were very afraid of him. He often threatened the victims and sometimes bribed them.

The defendant had previous federal convictions of arson in 1978, assault with a dangerous weapon in 1980, assault resulting in serious bodily injury and felon in possession of a firearm in 1984, and assault with a dangerous weapon in 1991. His criminal history category was VI, the highest category there is under the sentencing guidelines. During one incarceration, he was convicted along with two other individuals of repeatedly raping another inmate. Prior to the convictions for which he is now serving, he was last released from federal prison in 1995. He was and is a career criminal.

All of the statutory factors set forth in 18 U.S.C. §3553(a) weigh heavily against the release of the defendant. He was a very dangerous person and a threat to children and society generally. Were he to be released early, his victims would be appalled and threatened again.

As to his health concerns, he will receive far better medical care and monitoring in the custody of the Bureau of Prisons (BOP) than he will receive on home confinement, living in an isolated community with sub-standard health care available.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 232, is denied.

DATED this 9th day of November, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge